Judson M. Carusone, OSB #942234
Behrends Carusone & Covington
Attorneys at Law, P.C.
P O Box 10552
Eugene, OR 97440
Ph: (541) 344-7472
Fax: (541) 344-6466
jcarusone@oregon-attorneys.com

Terry Scannell, OSB #853220
Attorney at Law
7128 SW Gonzaga St., Suite 220
Portland, OR 97223
(503) 776-0806 (Telephone)
terry@scannellaw.com

*Of Attorneys for Plaintiff*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 15-34020-pcm13 |
| Troy Martin | **COMPLAINT** |
| | (Breach of Plan; Contempt |
| Debtor(s) | of Court; Breach of Contract; Tender; Requests for Declaratory Relief) |
| Troy Martin, | |
| Plaintiff, | Adversary Proceeding No. |
| v. | |
| **Nationstar Mortgage, LLC** | |
| Defendant. | |

Plaintiff, by and through his attorneys, Judson M. Carusone and Terry Scannell, alleges:

JURISDICTION AND VENUE

1.

This adversary proceeding arises out of Debtor's bankruptcy case number 15-34020-pcm13 filed under Chapter 13 of Title 11 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(L) and (O). In addition, this is an action asserting violations of state law as to breach of contract and tender, and the Court also has jurisdiction under 28 U.S.C. §1331.

2.

Venue is proper in this Court as the breach of contract arises out of and relates to Defendant's contempt of court, and a substantial part of the events giving rise to the claims occurred within this Court's jurisdiction.

3.

This Court has personal jurisdiction over the parties as Plaintiff is a Debtor in the bankruptcy proceeding and Defendant is a creditor and party to certain court orders.

PARTIES

4.

Plaintiff Troy Martin ("Martin"), is an individual residing in Clackamas County, Oregon. He has reorganized as a debtor-in-possession in the underlying bankruptcy.

5.

Nationstar Mortgage, LLC ("Nationstar") is a Texas corporation with its principal place of business at 350 Highland Drive, Lewisville, TX 95067. It does business in Clackamas County, Oregon as a loan servicer.

6.

Deutsche Bank Trust Americas ("DBTA") is a New York corporation. It acts as trustee to undisclosed individuals/entities that claim to own Martin's mortgage loan. Its principal place of business is 60 Wall Street, New York, NY 10005.

7.

A. Any allegations about acts of any corporate or other business defendant means that the corporation or other business did the alleged acts through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

B. DBTA has at all relevant times acted through and by its servicers, current Nationstar.

COMMON FACTUAL ALLEGATIONS

8.

Martin filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 12, 2015 and, upon Nationstar submitting a Proof of Claim, he immediately objected to the Proof of Claim. The parties, after proceeding toward a contested hearing, settled the claim, which settlement was memorialized in writing, executed between the parties, approved by the Court and incorporated into the Order Confirming Plan (ECF 108).

9.

In anticipation of completing the transaction within the 30 days allowed, Martin arranged for financing, opened escrow and was prepared to close escrow by no later than December 12, 2016 (December 10th being a Saturday). Martin's lender placed the funds in the trust account of his attorney in anticipation of transmitting them to escrow for closing.

10.

During the 30-day escrow period, Nationstar submitted no information to escrow, including but not limited to, failing to provide wire instructions for receipt of the agreed upon sum and failing to place a fully executed deed of reconveyance into escrow to close the transaction.

11.

On or about January 6, 2017, Martin's counsel tendered to Nationstar on Martin's behalf the full amount due under the settlement agreement of $785,000.00.

12.

Escrow officer Linda Powelson has repeatedly attempted to communicate with Nationstar and its counsel Jesse Baker, to request wire instructions and the required deed of reconveyance between December 7 and December 30. On or about January 12, 2017, Mr. Baker advised that he had been retained to complete and close the transaction.

13.

To date, escrow has received no communication from either Nationstar or Mr. Baker with regard to wire instructions, nor has it received the deed of reconveyance.

14.

Martin's transaction with his lender was in the nature of a bridge loan requiring a refinance or otherwise paying back the bridge loan within six months with fees and interest payable at the six-month term of an additional $100,000.00. Due to Nationstar's delay in closing this transaction, Martin has been unable to explore options to satisfy the bridge loan because he does not yet have clear title from the large claim asserted by Nationstar as a secured debt exceeding $1,000,000.00.

15.

On information and belief, Nationstar is without right and authority to reconvey the trust deed, to discharge the Promissory Note or to otherwise have entered into the settlement agreement, thereby constituting fraud upon the Court and Martin.

FIRST CLAIM FOR RELIEF

(Breach of Plan)

16.

Paragraphs 1 through 15 are incorporated as if fully stated herein.

17.

Pursuant to 11 USC § 1327, a confirmed plan binds a debtor and each creditor unless the Order Confirming Plan has been appealed. In this case, Nationstar not only received proper notice of the proceeding and the proposed Plan, but consented to its treatment within the Plan. The primary terms of the settlement requiring an escrow closing within 30 days of an Order Confirming Plan are incorporated into the Plan through the Order as a revised paragraph 10 (See ECF 108). The Order Confirming Plan was entered on November 10, 2016.

18.

Nationstar is in breech of the Plan by failing to close within the 30-day period or within a reasonable time thereafter, and, as of commencement of this case, has done nothing to advance its requirement to close this transaction.

19.

Nationstar is in breach and contempt of the Court for not complying with the Order Confirming Plan. Such breach and contempt has caused Martin damages in an amount equal to approximately $555.56 for each day beyond December 12, 2016 that Martin has been delayed in

closing the transaction and being able to seek the necessary resolution to the six-month bridge loan. The interest and obligations under the bridge loan began on December 12, 2016 when the bridge lender completed its obligations with regard to escrow closing.

20.

As a remedial remedy for Nationstar's breach of plan and contempt of court, this Court should, by judgment, declare that the property is free and clear of the lien and claim asserted by Nationstar. As a remedial sanction for Nationstar's failure to comply with this Court's Order, the Court should also order Nationstar to pay Martin's attorney fees and costs for bringing this proceeding.

SECOND CLAIM FOR RELIEF

(Contempt of Court)

21.

Paragraphs 1 to 20 are incorporated as if fully stated herein.

22.

The parties entered into a settlement agreement in writing that was attached the Order Confirming Plan (ECF 108 Exhibit A). As part of the Order Confirming Plan, this Court approved the settlement and compromise of the dispute between the parties.

23.

Nationstar is in substantial violation of its obligations under this Court's Order and approval of the settlement by failing to close escrow within the 30-day period and, to the date of commencement of this action, has done nothing to progress closing the transaction.

24.

On information and belief, Martin believes that Nationstar's delay is based on its lack of

authority to close the transaction. Nationstar's lack of authority is an aggravating factor in its contempt because it represented through its settlement agreement to this Court that it had authority to enter into the transaction and to close the transaction contemplated.

25.

As a consequence of Nationstar's contempt, Martin has been damaged by the approximate sum of $555.56 accruing daily from December 12, 2016, representing interest on his bridge loan.

26.

As a remedial remedy for Nationstar's contempt of court, this Court should, by judgment, declare that the property is free and clear of the lien and claim asserted by Nationstar.

27.

As a remedial sanction for Nationstar's contempt, this Court should order Nationstar to pay all of Martin's attorney fees and costs in trying to obtain Nationstar's compliance with the settlement, closing the transaction and ultimately having to bring this Adversary Proceeding.

THIRD CLAIM FOR RELIEF

(Breach of Contract)

28.

Paragraphs 1 through 15 are incorporated as if fully stated herein.

29.

The settlement between the parties as documented in a written agreement (See ECF 108 Exhibit A) constitutes a binding contract under state law which Nationstar has materially breached.

30.

Martin has performed all of his obligations under the contract. Nationstar has performed none of its obligation under the contract, except its agreement to withdraw its Objection to Confirmation.

31.

The contract provides for a contractual obligation for the parties to execute necessary documents to affecuate the settlement agreement. Furthermore, Nationstar was aware that Martin intended to satisfy the settlement agreement by obtaining a loan to pay the settlement amount.

32.

As damages for Nationstar's breach of contract, Martin has been harmed in the amount of $555.56 in daily interest accumulation for the funds his bridge lender placed in escrow in anticipation of closing the loan on December 12, 2016. As of the date this adversary proceeding was filed, those funds remain ready and payable and, therefore, Martin is liable to his bridge lender for the accumulating interest and is losing time with regard to the six-month requirement to pay off the bridge loan as title has not yet been cleared by Nationstar.

FOURTH CLAIM FOR RELIEF

(Tender)

33.

Paragraphs 1 through 32 are incorporated as if fully stated herein.

34.

On January 7, 2017, Martin's counsel formally tendered the funds needed to satisfy the obligation in the settlement agreement in the amount of $785,000.00, tendering that amount to Nationstar without conditions other than those conditions agreed to in the contractual settlement

agreement. This was done for the benefit of Martin.

35.

To date, Nationstar has not asked to convert the tender to a cash payment or objected to the tender. Consistent with Oregon State Law, a tender is a substitute for and equivalent to the actual production of money. The tender was not accepted or objected to timely and as such the tender acts as full satisfaction of the obligation.

36.

Martin is without an adequate remedy at law to resolve Nationstar's failure to follow the Plan, comply with this Court's orders, honor its contract, and to otherwise accept the settlement funds and clear its lien. Therefore, Martin asks this Court to declare any monetary obligation owed on the claim, which Nationstar has asserted in this case, as fully satisfied based on the tender by Martin and Nationstar's failure to object or accept the tender.

WHEREFORE, Martin prays for relief as follows:

1. A Judgment decreeing that the lien asserted by Nationstar as secured against Martin's personal residence is stripped from the property.

2. For a judgment of contempt of court and/or breach of Plan against Nationstars and for a money judgment in the amount of $555.56 each day from December 12, 2016 until such time as this Court has entered a Judgment stripping the lien, or the lien is otherwise removed and cleared from Martin's property.

3. For a judgment of contempt of court and/or breach of Plan against Nationstars and for a money judgment as a remedial sanction in the amount of all attorney fees and costs incurred by Martin in attempting to enforce the Plan, this Court's Order and the settlement agreement, including the attorney fees and costs related to bringing this proceeding.

4. For a declaration that the Promissory Note that was the subject of the claim and resolved by the settlement agreement is discharged by Martin's tender and a mandatory injunction that Nationstar surrender the original wet ink Promissory Note to Martin.

5. For an award of attorney fees and costs pursuant to contract, statute or equity.

6. For any and all relief this Court deems fair and equitable as further relief in this matter.

DATED this 30th day of January, 2017.

BEHRENDS, CARUSONE & COVINGTON, PC.
ATTORNEYS AT LAW

By: /s/ *Judson M. Carusone*
Judson M. Carusone, OSB#942234
Of Attorneys for Plaintiff